Dated at Springfield, Illinois, this 12th day of May, A. D. 1944.

(No. 3851—

DELLA THOMPSON, WIDOW OF HENRY MONROE THOMPSON, DECEASED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 18, 1944.*

Claimant, pro se.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This complaint was filed in this court on the 13th day of May, 1944, by claimant, Della Thompson, on her own behalf as widow of Henry Monroe Thompson, deceased.

The complaint alleges that Henry Monroe Thompson was first employed by the respondent on the 23rd day of March, 1927, as a farm hand at the Dixon State Hospital, Lee County, Illinois, an institution operated by the respondent through its Department of Public Welfare. That said employment was continuous until the 28th day of February, 1944. That on the last mentioned date,

while in the course of his employment, he was injured by being struck and crushed by a falling tree on the premises of said Dixon State Hospital, and the injuries thus sustained caused his death on the following day; that he was survived by his widow, the claimant, who was his sole dependent.

The record under consideration consists of the complaint, stipulation between the parties hereto, including the report of the Department of Public Welfare, testimony taken before the Coroner of Lee County, and waiver of right to file statement, brief and argument of claimant and respondent.

Under Rule 21 of this court the report of the Department of Public Welfare is prima facie evidence of the facts set forth therein. This report confirms the manner in which the accident occurred, as alleged in the said complaint, and states that at the time of the fatal accident, the deceased was in the course of his employment.

From a consideration of all the evidence, the court finds that the deceased, Henry Monroe Thompson, and respondent, were, at the time of the accident and death of the former, operating within the terms of the Workmen's Compensation Act; that the injury and death of Henry Monroe Thompson was caused by an accident which arose out of and in the course of his employment by the State of Illinois; that respondent had actual knowledge of the accident, and notice of claim and application for compensation were made within the statutory limits as provided by said Act; that the deceased's annual earnings for the year preceding his death in the employment in which he was then engaged, were $1,431.50, making his average weekly wage amount to the sum of $27.53. That he left surviving him his widow, the claimant herein, who was wholly dependent upon him for support.

That the sum of $26.50 was incurred for medical and surgical attention given to said employee, which the respondent should pay and discharge.

An award is hereby entered in favor of claimant, Della Thompson, in the sum of $4,700.00, as provided in Section 7, paragraphs (a) and (1) of the Workmen's Compensation Act, as amended. This award is payable to claimant in monthly installments by the respondent at a weekly compensation rate of $16.17. On May 23, 1944, there will be accrued the sum of $194.04, which is payable to claimant forthwith in a lump sum.

A further award is entered in favor of claimant in the sum of $26.50 for the use of Dr. W. G. Murray, Dixon, Illinois, representing necessary first aid, medical and hospitalization rendered said deceased employee, as provided in Section 8, paragraph (a) of the Act.

The future payments above referred to, being subject to the terms of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is hereby retained for the purpose of making such further orders as may from time to time be necessary herein.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."